**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LONG HORIZON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FORTINET INC.,<br><br>Defendant. | ) | Case No. 2:26-cv-00<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Long Horizon Technologies LLC ("Long Horizon" or "Plaintiff") for its Complaint against Defendant Fortinet Inc. ("Fortinet" or "Defendant") for patent infringement alleges as follows:

**THE PARTIES**

1. Long Horizon is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, TX 75670.

2. On information and belief, Defendant Fortinet Inc. is a corporation organized under the laws of the state of Delaware, with a regular and established place of business in this Judicial District at 6735 Salt Cedar Way, Frisco, TX 75034. On information and belief, Fortinet does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has specific and personal jurisdiction over Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, Defendant has sufficient minimum contacts with the forum because Defendant transacts substantial business in the State of Texas and in this Judicial District. Further, Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, alleged more particularly below.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and has a regular and established place of business in this Judicial District. Defendant, through its own acts, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.

## PATENT-IN-SUIT

6. On May 5, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,738,894 (the "'894 Patent") entitled "Methods for Firmware Signature" A true and correct copy of the '894 Patent is attached hereto as Exhibit A.

7. Long Horizon is the sole and exclusive owner of all right, title, and interest in the '894 Patent (the "Patent-in-Suit" or "Asserted Patent") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Long Horizon also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

8. Long Horizon has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patent-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

9. The ’894 Patent generally relates to methods for installing embedded firmware. The technology described in the ’894 Patent was developed by inventors Brian A. Batke, Jack M. Visoky, James J. Kay, Scott A. Mintz, and William B. Cook. By way of example, this technology is implemented methods that associate one or more digital certificate instances with one or more firmware file instances to update or facilitate the update of signature-unaware modules with signature-aware firmware.

10. Fortinet has infringed and continues to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products that infringe the Patent-in-Suit.

## COUNT I
**(Infringement of the ’894 Patent)**

11. Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12. Long Horizon has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the ’894 Patent.

13. Defendant has and continues to directly infringe the ’894 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the ’894 Patent. Such products include, but are not limited to, hardware and/or software products that update or facilitate the update of signature unaware modules with signature-aware firmware, such as FortiGate physical appliances: FortiGate

30G Series, 40F Series, 50G Series, 60F Series, 70F Series, 70G Series, 80F Series, 90G Series, 100F Series, 120G Series, 200F Series, 200G Series, 400E Series, 400F Series, 400G Series, 600E Series, 600F Series, 700G Series, 900G Series, 1000F Series, 1100E Series, 1200G Series, 1800F Series, 2200E Series, 2600F Series, 3000F Series, 3000G Series, 3200F Series, 3300E Series, 3400E Series, 3500F Series, 3500G Series, 3600E Series, 3700F Series, 3800G Series, 4200F Series, 4400F Series, and 4800F Series; FortiGate 6000/7000 physical appliances: FortiGate 6001F, 6300F/6301F, 6500F/6501F, 7081F, and 7121F; FortiGate Rugged physical appliances: FortiGate Rugged 50G-5G, 60F/60F-3G4G, 60G/60G-5G/60G-M12, 70F/70F-3G4G, and 70G/70G-5G-DUAL; FortiFirewall physical appliances: FortiFirewall 1801F, 2600F, 3001F, 3501F, 4200F, 4400F/4401F, and 4801F, including applicable DC/NEBS variants; software/firmware: FortiOS firmware, including, but not limited to, the FortiOS 6.x, 7.x, and 8.x families, and associated FortiGate BIOS/bootloader firmware-installation software, corresponding FortiFirewall firmware, and FortiManager firmware-management/deployment software, among other Fortinet products.

14. For example, Defendant has and continues to directly infringe at least claim 1 of the '894 Patent by making, using, offering to sell, selling, and/or importing into the United States hardware and/or software products that update or facilitate the update of signature unaware modules with signature-aware firmware, such as the Fortigate-1001F. The Fortigate-1001F is exemplary of how the other Fortinet products accused herein infringe the '894 Patent.

15. For example, the Fortigate-1001F performs a method that receives, by a first device, signature unaware firmware code (e.g., the Fortigate-1001F receives signature-unaware firmware code, such as an older FortiOS firmware image without signature related functionality); installing, by the first device via boot code, the signature unaware firmware code on the first device

(e.g., BIOS or bootloader functionality used to install FortiOS firmware), wherein the boot code is configured for installation of a signature aware firmware code and the signature unaware firmware code to the first device (e.g., newer and older FortiOS firmware versions), wherein the installing the signature unaware firmware code further comprises verifying, via at least one feedback mechanism (e.g., local console, BIOS, user-input, and/or other I/O functionality), that the signature unaware firmware code is received from a second device associated with a user (e.g., an administrator computer, management workstation, and/or TFTP server) that has physical access to the first device (e.g., through a local console connection and/or other physical interaction with the appliance).

BIOS-level signature and file integrity checking during downgrade

# BIOS-level signature and file integrity checking during downgrade

When downgrading to a version of FortiOS prior to 6.4.13, 7.0.12, and 7.2.5 that does not support BIOS-level signature and file integrity check during bootup, the following steps should be taken if the BIOS version of the FortiGate matches the following versions:

- 6000100 or greater
- 5000100 or greater

**To downgrade or upgrade to or from a version that does not support BIOS-level signature and file integrity check during bootup:**

1. If the current security level is 2, change the security level to 0. This issue does not affect security level 1 or below.
2. Downgrade to the desired FortiOS firmware version.
3. If upgrading back to 6.4.13, 7.0.12, 7.2.5, 7.4.0, or later, ensure that the security level is set to 0.
4. Upgrade to the desired FortiOS firmware version.
5. Change the security level back to 2.

**To verify the BIOS version:**

The BIOS version is displayed during bootup:

```
Please stand by while rebooting the system.
Restarting system
FortiGate-1001F (13:13-05.16.2023)
Ver:06000100
```

**To verify the security level:**

```
# get system status
Version: FortiGate-VM64 v7.4.2,build2571,231219 (GA.F)
First GA patch build date: 230509
Security Level: 1
```

[1]

[1] FortiOS 6.4.16 Release Notes at 22; available at https://fortinetweb.s3.amazonaws.com/docs.fortinet.com/v2/attachments/fe604fbf-08f3-11f0-b13a-ca4255feedd9/fortios-v6.4.16-release-notes.pdf.



**To change the security level:**

1. Connect to the console port of the FortiGate.
2. Reboot the FortiGate (`execute reboot`) and enter the BIOS menu.
3. Press [I] to enter the ***System Information*** menu
4. Press [U] to enter the ***Set security level*** menu
5. Enter the required security level.

FortiOS 6.4.16 Release Notes 22
Fortinet Inc.

BIOS-level signature and file integrity checking during downgrade

6. Continue to boot the device.

[2]

16. Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, Fortinet has used the Accused Products in a manner that directly infringes at least the method claims of the '894 Patent.

17. Defendant has and continues to indirectly infringe one or more claims of the '894 Patent by knowingly and intentionally inducing others, including Fortinet customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

18. Defendant, with knowledge that these products, or the use thereof, infringe the '894 Patent at least as of the date of this Complaint, has knowingly and intentionally induced, and

[2] FortiOS 6.4.16 Release Notes at 22-23; available at https://fortinetweb.s3.amazonaws.com/docs.fortinet.com/v2/attachments/fe604fbf-08f3-11f0-b13a-ca4255feedd9/fortios-v6.4.16-release-notes.pdf.

continues to knowingly and intentionally induce, direct infringement of the ’894 Patent by providing these products to others for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, including specifically those related to Defendant’s specific industry, thereby remaining willfully blind to the Patent-in-Suit at least as early as the issuance of the Patent-in-Suit.

19. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the ’894 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers, partners, and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant’s website, product literature and packaging, and other publications, including the documents cited herein.

20. Defendant has indirectly infringed and continue to indirectly infringe one or more claims of the ’894 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant’s affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others’ use and manufacture of the Accused Products such that the ’894 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the ’894 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be specially made or adapted for use in the infringement of the ’894 Patent. Defendant performs these

affirmative acts with knowledge of the ’894 Patent and with intent, or willful blindness, that they cause the direct infringement of the ’894 Patent.

21. Long Horizon has suffered damages as a result of Defendant’s direct and indirect infringement of the ’894 Patent in an amount to be proven at trial.

22. Long Horizon has suffered, and will continue to suffer, irreparable harm as a result of Defendant’s infringement of the ’894 Patent, for which there is no adequate remedy at law, unless Defendant’s infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Long Horizon prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patent-in-Suit;

c. An order awarding damages sufficient to compensate Long Horizon for Defendant’s infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Long Horizon its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: October 21, 2026

Respectfully submitted,

*/s/ John Andrew Rubino*
John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
1200 Harbor Blvd., 10th Floor
Weehawken Township, NJ 07086
Telephone: (201) 817-1840
Facsimile: (973) 535-0921

Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**Fabricant, Rubino & Lambrianakos LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF,***
***LONG HORIZON TECHNOLOGIES LLC***